UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6148

LOUIS H. CHIPPAS,
      Petitioner,

v.

UNITED STATES PAROLE
COMMISION, et al.,
      Respondents.

SUPPLEMENT TO PETITION FOR
WRIT OF HABEAS CORPUS PURSUANT TO U.S.C. ss 2241

    The Petitioner, Louis H. Chippas, by and through his undersigned attorney, pursuant to 28 U.S.C. ss 2241, the Due Process Clause of the Fifth Amendment of the United States Constitution, and the decisional authorities hereinafter more fully set forth and otherwise applicable to the issues at bar, hereby supplements the Form—Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. ss 2241, to appeal the final decision of the U.S. Parole Commission by granting of writ of habeas corpus or in the alternative the entry of an order by this Honorable Court that accomplishes the same result.

## FACTUAL BACKGROUND

    On April 14, 1984, a sealed federal indictment named the Petitioner and three others in three counts charging: Count I, conspiracy to import cocaine, 21 U.S.C. ss 963;

Count II, conspiracy to distribute cocaine, 21 U.S.C. ss 846; and Count III, attempting/aiding and abetting to import cocaine, 18 U.S.C. ss 2.

Trial by jury began on April 29, 1985, Case No. 84-6033, resulting in guilty verdicts on all counts.

The Court imposed sentence on August 6, 1985 as follows: Count I, fifteen (15) years; Count II, fifteen (15) years, consecutive to Count I, and Count III, five (5) years probation following aggregate term of thirty (30) years. The statutory maximum term (based on substantive offense) then was fifteen (15) years.

On April 4, 1986, following trial by jury in the Methaqualone case (No. 84-6034), the Petitioner was found guilty and sentenced to an aggregate term of twenty (25) years (5 counts) consecutive to Case No. 84-6033. The second sentence imposed in the same federal district ran consecutive to Case No. 84-6033 for an aggregate term of fifty-five (55) years. The statutory maximum term for each offense then was five (5) years.

Case No. 84-6033 was subsequently affirmed on direct appeal in the Eleventh Circuit.

Case No. 84-6034 was subsequently affirmed in part and remanded to vacate one five (5) year term for an aggregate term of twenty (20) years on direct appeal in the Eleventh

Circuit. The aggregate term as a result was reduced to fifty (50) years. The Petitioner has been in continuous confinement since December 6, 1982 stemming from an arrest and conviction in an unrelated drug case in the State of New Jersey and began serving his federal sentences on January 16, 1986.

On November 7, 1995 the Petitioner was given his initial parole hearing. The hearing examiner recommended his presumptive parole date of January 15, 2001, after serving 180 months in federal prison in light of the Petitioner's continuous period of imprisonment. Thereafter, the Commission, based on Examiner Pinner modifying the hearing examiner's recommendation, raised his presumptive release date to January 15, 2003. The National Appeals Board subsequently affirmed the Commission's decision raised in his parole appeal.

The U.S. District Court subsequently denied the Petitioner's petition for habeas corpus (Case No. 96-2602-Civ-Middlebrooks) that was later affirmed in the Eleventh Circuit on direct appeal.

The reconsideration hearing conducted as a result of the Commission reopening the Petitioner's parole case during the course of his first petition gave rise to other parole issues the Commission denied in its final notice of

3

action dated September 9, 1999. All decisions by the National Appeal Board are final. This petition follows.

ARGUMENT

ISSUE I

THE PAROLE COMMISSION'S REASON TO DENY PETITIONER CREDIT OF 36 MONTHS AS AN OLDER OFFENDER BY MODIFYING THE HEARING EXAMINER'S RECOMMENDATION AFTER REOPENING THE CASE PURSUANT TO 28 C.F.R. ss 2.28(f) BASED ON ADVERSE INFORMATION DISREGARDS ITS OWN RULES PURSUANT TO SECTION 2.24(a)(2), AN ABUSE OF DISCRETION.

The Commission decided on a special reconsideration hearing on April 3, 1997 in the midst of ongoing habeas corpus proceedings (litigating initial parole decisions) alleging the discovery of significant adverse information located in the parole file of Joseph Vershish, codefendant involved in the Petitioner's Methaqualone case. Actually, the adverse information used as a basis for reopening the parole case had been in the Commission's possession for nearly a decade.

The Commission's intermediate notice of action explained that the reconsideration would also provide the Petitioner an opportunity to submit further arguments to the Commission regarding its initial decision of more than 48 months beyond the minimum guideline range. The Commission would then reexamine the basis for its conclusion that the Petitioner is more serious parole risk

4

than his salient factor score would indicate. In addition, the Commission represented to the Court that "… **a new hearing may possibly result in a prompt parole for Chippas, which would probably moot the habeas claim and obviate judicial review."**

The Review Hearing Summary reflects that Examiner Dorothy Beale concluded that the belated allegations of adverse information were unfounded. In keeping with the objective of the reconsideration hearing, examining the adverse content and affording the Petitioner opportunity for reconsidering any mitigating factors, the parole examiner determined that the **Petitioner's criminal history** indicates he is a "poorer" risk than a "more serious" parole than shown by his salient factor score. **In conjunction with that, however, the parole examiner recommended that the Petitioner's presumptive release date should be reduced by 36 months because she believed it unlikely that the Petitioner will repeat his criminal behavior due to his age of 65.** Based on the recommendation of Examiner Dorothy Beale, the Petitioner's presumptive parole date would have changed from 204 months, or January 15, 2003, to 168 months, or January 15, 2000.

Examiner Beale's recommendation was subsequently modified by Examiner Kathleen Pinner, acting in the

capacity of Regional Commissioner as provided under the Commission's rules pursuant to section 2.24. **Examiner Pinner reasoned that the Petitioner's age is an insignificant mitigating factor because he did not commence his drug importation offenses until he was forty and stopped only because he was arrested at the age of 54.** A third examiner, Sam Shoquist, and John Simpson, Regional Commisioner, agreed. See accompanying exhibit. The Petitioner respectfully petitions this Honorable Court to make an independent determination on Examiner Pinner's reason to deny Examiner Beale's recommendation to account for the Petitioner's age as a mitigating factor. Examiner Pinner's reason essentially rebuffs the Commission's own studies on recidivism and patently irrational as argued infra.

The review of the panel recommendation by the Regional Commissioner is governed by Sec. 2.24(b)(2). The rule states that the Regional Commissioner may, **on his own motion, modify the recommendation of a hearing examiner panel to bring the decision to a date not to exceed six months from the date recommended by the examiner panel.** The Regional Commissioner and the other examiners acting in the same capacity in reviewing Examiner Beale's recommendation only accepted her findings in part rather than as a whole.

The Commission impermissibly adopted the hearing examiner's recommendation that the record from Vershish's parole file did not support the alleged adverse information **but rejected the parole examiner's finding to advance the Petitioner's presumptive release date 36 months, or January 15, 2000.**

**The crux of the Petitioner's instant issue is that the Regional Commissioner is only authorized to modify the parole recommendation of a hearing examiner panel to bring the decision to a date not to exceed six months from the date recommended by the examiner panel**. Accordingly, the Regional Commissioner is precluded from modifying Examiner Beale's recommendation for a presumptive parole **beyond** July 15, 2000, not to exceed six months from the date recommended by the examiner panel, January 15, 2000.

The Commission previously proffered that its sole purpose for the **special reconsideration hearing, that inadvertently gave rise to the immediate issue,** was supposedly for examining adverse information located in Veshish's parole file. And, any other information for reexamining the Petitioner's "parole risk" factor other than what is shown by his salient factor score.

The only reason the Commission dispatched the parole examiner to conduct the reconsideration hearing is

precisely what Examiner Dorothy Beale accomplished in her capacity as the examining panel. It is reasonable to presume that the reconsideration hearing reopened the door to consider mitigating factors as well as examining the substance of the alleged adverse information, in light of the **Commission's proffer that the Petitioner might be granted prompt parole.**

The Petitioner maintains that in this instance, most respectfully, the Commission failed "to follow its own rules subject to review," an action tantamount to an abuse of discretion. See <u>Coleman v.Perrill</u>, 845 F.2d 876, 878 (9th Ci. 1988). In accordance with controlling law, it is well settled that "A federal court is without jurisdiction to review the substantive decisions of the Parole Commission **except when the Commission's actions violate** statutory, **regulatory,** or constitutional **provisions.**" <u>Caporale v. Gasele</u>, 940 F.2d 305, 306 (8th Cir. 1991) (emphasis added).

Here, the Commission did not adhere to the clear meaning and mandate of section 2.24 when modifying the parole examiner's recommendation. Contrary to this provision, the Commission eclectically rejected Examiner Beale's recommendation to credit the Petitioner 36 months, or set presumptive parole date of January 15, 2000, and yet espoused her finding that the alleged adverse information

8

was unfounded. Section 2.24 provides that the Regional Commissioner may either modify or reverse the recommendation of a hearing examiner, however, the modification cannot exceed 6 months.

Further and perhaps more detrimental to the Petitioner's pertinent issue, the Commission failed to follow its own regulations by not factoring in the Petitioner's age as an older offender that is provided for in the Parole Guidelines. As a result, the Commission not only failed to follow its own rules but also discounted a crucial mitigating factor that is binding to fulfill an accurate assessment based on more recent courses of action from its own continuing research on recidivism.

This Honorable Court must not lose sight of Examiner Pinner's self-created reason as a basis for ignoring such a crucial mitigating factor applicable in the Petitioner's case. In the case at hand, Examiner Pinner impermissibly relied on the Petitioner's criminal history, the same reason the Commission initially factored in his guidelines in the first place. Such a proposition is inherently a violation of due process. This Honorable Court should note that On May 29, 1996 the Commission discounted another crucial mitigation factor that was also based on the Petitioner's criminal history. See accompanying exhibit. In

9

that instance, Examiner Pinner (presumably) stated: "…With regard to credit for time served on another sentence…that he was in state custody on another matter from December 1982 until he began serving his federal sentence on 1/16/86, and the Commission's regulations at 2.20-05 C 10 provide for the consideration of such time served in mitigation…**Given subjects record, I recommend against giving him credit for approximately 37 months he spent in state custody…."** The Petitioner is mindful of the Commission's broad powers, however such authority is not unbridled. Pursuant to 18 U.S.C. 4203(a), prior to parole being abolished, the Commission established guidelines designed to promote "…**a more consistent exercise of discretion,** and enable fairer and more equitable decision-making…in granting parole." See 28 C.F.R. ss 2.20(a) and Baker v. McCall, 543 F. Supp. 498, 500 (S.D.N.Y.) aff'd without opinion, 697 F.2d 287 (2d Cir. 1982). In addition, the Second Circuit panel reasoned that "…it is irrational…for the Commission to confine a prisoner beyond the applicable guideline for the same reasons used to select the prisoner's guideline in the first place." Similarly, the Commission's aberration in discounting the new mitigating factor only circumvents the purpose for the

reconsideration hearing and confines the Petitioner beyond his applicable minimal adjusted guideline.

Analogously, the Eleventh Circuit has clarified that "A federal court will not reverse a decision of the Commission unless it involves flagrant, unwarranted, or unauthorized action that constitutes an abuse of the Commission's discretion." See Glumb v. Honsted, 981 F2d 872, 873 (11th Cir. 1990), citing Whitehead v. United States Parole Commission, 755 F.2d 1536, 1537 (11th Cir. 1985). Under the unique facts and circumstances in the case at hand, the Commission's action to discount a crucial mitigating factor as new favorable information by ignoring section 2.24 when modifying recommendation of parole examiner constitutes an abuse of discretion.

### ISSUE II

THE PAROLE COMMISSION'S IRRATIONAL REASON TO DISCOUNT THE PETITIONER'S AGE AS A MITIGATING FACTOR THAT EXAMINER DOROTHY BEALE RECOMMENDED AT THE CONCLUSION OF THE RECONSIDERATION HEARING SHE CONDUCTED IS ARBITRARY AND VIOLATES DUE PROCESS.

The Petitioner hereby incorporates Issue I, Commission's abuse of discretion, where applicable and pertinent in the instant issue, that the Commission acted arbitrarily, in order to ease the Court's review of both issues independent of one another.

The widely accepted concept of parole is releasing a convicted person from prison to serve the remainder of his/her sentence in the community under supervision. The Petitioner is mindful that the Parole **Commission by law may grant parole if (a) the inmate has substantially observed the rules of the institution; (b) release would not depreciate the seriousness of the offense or promote disrespect for the law; and (c) release would not jeopardize the public welfare.** Respectfully submitted, the Petitioner satisfies the prerequisite criteria in all respects: (1) he has substantially observed the strictest of rules in numerous institutions for 18 years; (2) his release on parole could not reasonably depreciate the seriousness of his offenses or promote disrespect of the law considering the lengthy term of incarceration already served; and (3) habitual relapse at his present age (67) is most unlikely, a concept the Commission adopted based on historical research on recidivism. Parole prevents needless imprisonment of those who are not likely to commit further crime and meet the criteria for such grace.

Examiner Dorothy Beale conducted the reconsideration hearing and concluded that the record did not support any reliable proof of adverse information. Further, the parole examiner included in her report a recommendation pursuant

to parole policy on **a new mitigating factor (that the Petitioner had turned 65 years of age in March 1997) as favorable information.** Examiner Beale, in accordance with recent research analysis on recidivism promulgated in the guidelines, determined that it seemed unlikely that the Petitioner, who would turn 67 at the time of his release, would re-involve himself in criminal activity.

The Commission ultimately rejected Examiner Beale's recommendation and adopted **Examiner Pinner's extraneous reason** to deny an appropriate mitigating factor as crucial and indispensable to its decision on whether to grant parole. The Commission postured that it "…**does not believe that your propensity for criminal activity has lessened with age since you did not begin your criminal involvement in the importation of drugs until the age of 40, and you were arrested on the instant offense at the age of 54.**" See accompanying exhibit.

Considering the crux of the Petitioner's issue at hand, the focus is mainly on "whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." See Misasi v. United States Parole Comm'n, 835 F.2d 754, 758 (10th Cir. 1987). The Commission in this instance failed to consider a substantial new mitigating factor that would have resulted

13

in the Petitioner's prompt parole. Aside of the
Commission's departure from its own parole policy in
treating older offenders, without more, there is **no factual
or rational basis to distinguish him**, especially at the
expected age of 67 when released, **from other older
offenders merely because he was 54 years old when initially
apprehended.** Further, it is even more illogical considering
that nearly two (2) decades have lapsed since he was first
arrested.

Otherwise, the sum of the Commission's irrational
basis shelves viable results from voluminous historical
research on recidivism and selectively excludes the
Petitioner merely because he was already past 50 when
arrested. Here, the Commission's improvisational reason
lacks a rational basis in totally discounting 18 years that
lapsed due to a lengthy incarceration. It is more likely
that an older offender's propensity to re-engage in
criminal activity will diminish rather than flourish.

The Commission's action to discount the present age of
Petitioner as a mitigating factor only demonstrates that
there never was a chance of an upside from his parole case
being reopened. The history of the immediate case merely
reflects that the Commission never intended on ever
considering any mitigating factors that could result in the

14

Petitioner's prompt parole regardless of what was proffered in the U. S. District Court during the habeas corpus proceedings.

It is noteworthy that U.S. Magistrate Judge Sorrentino previously commented "From a review of the present record it appears unlikely that the government reopened Chippas' case because the reconsideration hearing might 'possibly result in a prompt parole for Chippas.'"

In determining whether the Commission relied upon a rational basis from the record, the Court should weigh the inescapable findings by Examiner Dorothy Beale who based her recommendation on **a new mitigating factor (that the Petitioner had turned 65 years of age in March 1997) as favorable information.** The parole examiner, pursuant to recent parole policy from research on recidivism promulgated in the guidelines, determined that it seemed unlikely for the Petitioner, age 67 at the time of his recommended release date, to re-involve himself in criminal activity.

**The Petitioner submits that the reason stated by the Commission to deny him a crucial mitigating factor is inconsistent with its own historical research on recidivism involving other older offenders and thereby an arbitrary application of its rules.** The Petitioner's present age of

15

67 is substantially beyond the recognized standard age of 50 or over as reflected in the parole guidelines. This Honorable Court is the appropriate jurisdiction for reversing an arbitrary and capricious decision by the Parole Commission. Glumb v. Honsted, supra; Whitehead v. United States Parole Commission, supra; Bowen v. United States Parole Commission, 805 F.2d 885 (9th Cir. 1986); and Brown v. Lundgren, 528 F.2d 1050 (5th Cir. 1976).

## CONCLUSION

Based on the foregoing, the Petitioner moves this Honorable Court to grant his petition for writ of habeas corpus.

Respectfully submitted,

Joe D. Harrington, P.A.
Attorney for Petitioner
One S. Orange Ave., Ste 304
Orlando, FL 32801
(407) 245-1232
Fla. Bar o. 970182

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing habeas corpus form with accompanying Supplement to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. ss 2241, was mailed, postage prepaid, to the U.S. Attorney, U.S. courthouse, 299 E. Broward Blvd., Ft. Lauderdale, FL 33301, on this the 27 day of January, 2000.

_____
Joe D. Harrington, Esquire

Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

# NOTICE OF ACTION ON APPEAL

Name: Chippas, Louis

Register Number: 18565-004                    Institution: Miami FCI

The National Appeals Board examined the appeal of the above named and ordered the following

Affirmation of the previous decision

## REASONS:

You contend that a decision above your guidelines is not supported by the reasons provided on your Notice of Action and that the decision was based on erroneous information. Your arguments relate to the Notice of Action that was issued in your case on May 12, 1997. You had the opportunity to appeal that Notice in 1997, but you failed to do so. The Board has reviewed the previous Notice of Action and finds that no error was made and therefore, will not reconsider the 1997 decision.

You contend that the Commission failed to consider mitigating circumstances in your case, specifically your age. Your contention has no merit. The Commission does not believe that your propensity for criminal activity has lessened with age since you did not begin your criminal involvement in the importation of drugs until the age of 40, and you were arrested on the instant federal offense at the age of 54.

All decisions by the National Appeals Board on appeal are final.

Date: September 9, 1999          National Appeals Board          Clerk: pgn

‹•BOPCODE-MIA›

## NATIONAL APPEAL

NAME: Chippas, Louis Harry          REG. NO. 18565-004  INST: Miami FCI

DATE: May 29, 1996          REVIEWER: PDS   MOS AT REL: 204

RESPONSE:

The National Appeals Board has considered your claim on appeal and affirms the Commission's decision, with modified reasons.

The Board finds no merit in your claim that the Commission's decision outside your guidelines was unsupported by the reasons given. Category Eight guidelines have no upper limit, and the Commission's decision was therefore not outside your guidelines. The Commission is not required to state "good cause" for Category Eight decisions, but only to set forth the pertinent case factors upon which it relied in setting a release date more than 48 months above the lower limit of the guidelines. The Board has modified those case factors in your decision.

As you recognize in your appeal, individual case specifics distinguish different decisions for codefendants. The fact that a court has granted leniency to your codefendants is also not a sufficient reason for the Commission to grant unwarranted leniency in your case. The Board finds no error in the Commission's decision in your case.

The Board declines to give you an earlier release date based on the time you spent serving a New Jersey State sentence for an unrelated marijuana offense.

RECOMMENDATION:

Affirmation of the previous decision.

REASONS:

Modified. Your offense behavior has been rated as Category Eight severity because it involved a conspiracy to import more than 18.75 kilograms of cocaine, purity unknown. Your salient factor score (SFS-81) is 8. You have been in state and federal confinement as a result of your behavior for a total of 118 months as of 11-15-95. Guidelines established by the Commission indicate a range of 100+ months to be served before release for cases with good institutional adjustment and program achievement. After review of all relevant factors and information presented, a decision more than 48 months above the lower limit of your guidelines range is warranted because you are a more serious risk than indicated by your salient factor score and your offense behavior involved the following aggravated factors: In addition to the two current federal convictions, you have two other convictions for narcotic trafficking related offenses in 1972 and 1978. While on federal special parole supervision in 1975 from one of those convictions, you left the USA without permission to leave your district of supervision and were arrested in Columbia while in possession of 49 kilograms of hashish. Your prior encounters with the criminal justice system did not deter you from the current behavior, which is involvement

in two separate, unrelated, extremely large scale drug trafficking offenses.

**NOTES:**

Subject appeals from an initial decision where the Commission ordered him to continue to a presumptive parole after the service of 204 months. The Commission rated his offense behavior as Category Eight severity and gave him a decision more than 48 months above the lower limit of his 100+ guidelines.

Subject raises three claims: that the decision outside his guidelines was not supported by the reasons given; that there was codefendant disparity; and that he has not been given credit for his time in state custody.

Category Eight guidelines have no upper limit, and subject's claim that the Commission's decision is "outside" his guidelines therefore has no merit. I recommend that the pertinent case factors in the decision be modified by the deletion of "You also have been acquitted of other narcotics charges" and the insertion of "While on federal special parole supervision in 1975 from one of those convictions, you left the USA without permission to leave your district of supervision and were arrested in Columbia while in possession of 49 kilograms of hashish."

Codefendant disparity is not a reason for giving subject a more lenient decision than is warranted, and the Commission's decision here appears warranted. The sentence of the other most culpable defendant was reduced by the court from 35 years to 9 years.

With regard to credit for time served on another sentence, subject claims that he was in state custody on another matter from December 1982 until he began serving his federal sentence on 1/16/86, and that the Commission's regulations at 2.20-05 C 10 provide for the consideration of such time served in mitigation. Subject points out that the pre-reviewer noted such a possibility in the pre-review, but that it apparently was not considered at the hearing. The file shows that subject was serving time on an unrelated case (a July 8, 1978 New Jersey state offense of possession of marijuana with intent to distribute) from 12-6-82 until 1-16-86, when he began serving his federal sentence for his current offenses. The provision subject cites applies to reasons for decisions below the guidelines. Given subject's record, I recommend against giving him credit for the approximately 37 months he spent in state custody on the unrelated case.

ds

FORM TO BE USED BY FEDERAL PRISONERS FILING PETITION
FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. ss 2241


IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION


LOUIS H. CHIPPAS
Reg. No. 18565-004
FCI-MIAMI 15801 S.W. 137 Ave.
Miami, FL 3317
                    Petitioner.

  vs.                           Case No. 00-6148

UNITED STATES PAROLE COMMISSION
and WILLIAM J. PATRICK, Warden
FCI-MIAMI




(This form was prepared by Petitioner pursuant to
instructions from the Clerk's Office in lieu of
unavailability)

1. This petition concerns parole.

2. The following information pertains to the convictions and sentences that the Petitioner is presently incarcerated for:

    (a)  Name and location of court—U.S. District Court for the Southern District of Florida, Ft. Lauderdale Division.

    (b)  Case Number 84-6033.

    (c)  Nature of charges convicted for—(1) conspiracy to import cocaine; (2) conspiracy to distribute cocaine; and (3) attempt to import cocaine.

    (d)  The conviction followed not guilty plea.

    (e)  Convictions were appealed and subsequently affirmed in the Eleventh Circuit Court of Appeals.

3. I am currently represented by counsel in this case and not in any other court case.

4. The following are my grounds supporting my claim that I am incarcerated unlawfully:

    (a)  Ground One: **THE PAROLE COMMISSION'S REASON TO DENY PETITIONER CREDIT OF 36 MONTHS AS AN OLDER OFFENDER BY MODIFYING THE HEARING EXAMINER'S RECOMMENDATION AFTER REOPENING THE CASE PURSUANT TO 28 C.F.R. ss 2.28(f) BASED ON ADVERSE INFORMATION DISREGARDS ITS OWN RULES PURSUANT TO SECTION 2.24(a)(2), AN ABUSE OF DISCRETION.**

        **SUPPORTING FACTS:** See accompanying Supplement to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. ss 2241.

        **EXHAUSTION:** See accompanying Supplement to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. ss 2241.

(b)  Ground Two: **THE PAROLE COMMISSION'S IRRATIONAL REASON TO DISCOUNT THE PETITIONER'S AGE ASMITIGATING FACTOR THAT EXAMINER DOROTHY BEALE RECOMMENDED AT THE CONCLUSION OF THE RECONSIDERATION HEARING SHE CONDUCTED IS ARBITRARY AND VIOLATES DUE PROCESS.**

**SUPPORTING FACTS-**  See accompanying Supplement to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. ss 2241.

**EXHAUSTION:** See accompanying Supplement to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. ss 2241.

5. Remedy pursuant to 28 U.S.C. ss 2255 is inadequate where collateral attack of parole decision is appropriately addressed pursuant to 28 U.S.C. ss 2241.

6. **WHEREFORE,**  based on the grounds raised above, Petitioner prays that the Court will grant the following relief:

Order that the U.S. Parole Commission set Petitioner's parole release date for immediate parole or in the alternative for July 15, 2000.

## DECLARATION

I declare under the penalty of perjury that I have read the above and state that the information contained therein is true and correct to the best of my knowledge.

Executed _1-24-2000_, at FCI-MIAMI,

By _____
(Petitioner)

3