UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

jp

CASE NO. 00-6148-Civ-Zloch
Magistrate Judge Johnson

LOUIS H. CHIPPAS,

    Petitioner,

v.

UNITED STATES PAROLE
COMMISSION, et al.,

    Respondents.
_____/

## GOVERNMENT'S MOTION TO DISMISS HABEAS CORPUS PETITION

Respondent, the United States Parole Commission, respectfully moves to dismiss Louis Chippas's "Supplement to Petition for Writ of Habeas Corpus Pursuant to U.S.C. ss 2241."

### FACTS AND PROCEDURAL HISTORY

1. In 1996, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2241, Chippas v. U. S. Parole Commission, Case No. 96-2602-Civ- Middlebrooks.

2. Judge Middlebrooks denied Petitioner's requested writ and the Eleventh Circuit affirmed.

3. With respect to Petitioner's initial petition for writ of habeas corpus, the undersigned Assistant United States Attorney filed all responses on behalf of the United States and had numerous telephone conversations with Petitioner's counsel, Joe Harrington.

4. Petitioner filed the instant petition in Ft. Lauderdale and served the U. S. Attorney's Office generally. He did not serve a copy on the undersigned AUSA.

5. The undersigned AUSA did not learn of the instant petition until April 3, 2000, when she received a copy of Magistrate Judge Linnea R. Johnson's Order filed March 2, 2000, which instructed the Government to respond to the Petition within 30 days.

6. Petitioner's application for writ of habeas corpus should be dismissed pursuant to 28 U.S.C. § 2244.

7. Title 28 U.S.C. § 2244(a) states that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.

8. Title 28 U.S.C. § 2244(b) sets forth the general rule that successive habeas corpus petitions be dismissed and the exceptions to the general rule.

9. Title 28 U.S.C. § 2244(b)(3)(A) clearly states:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

10. The instant petition is clearly a "second or successive application." There is no indication that Petitioner has complied with Section 2244(b)(3)(A), which requires that he seek the approval of a three-judge panel of the Eleventh Circuit Court of Appeals before he may file the instant petition.

11. Because Petitioner has failed to comply with the requirements of 28 U.S.C. § 2244(b), his "supplement to petition for writ of habeas corpus" should be dismissed.

## Conclusion

For the reasons stated herein, respondent respectfully moves to dismiss petitioner Louis Chippas's § 2241 supplemental petition.

> Respectfully submitted,
>
> THOMAS E. SCOTT
> UNITED STATES ATTORNEY
>
> BY: _____
> JENNIFER PRIOR
> Assistant United States Attorney
> Florida Bar No. 793337
> 99 N.E. 4th Street
> Miami, Florida 33132
> (305) 961-9295

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Response and Motion to Dismissed was served by U.S. Mail on April 6, 2000 to:

> Joe Daniel Harrington, Esq.
> Law Office of Mark E. NeJame, P.A.
> One South Orange Avenue, Suite 304
> Orlando, FL  32801

_____
JENNIFER PRIOR
Assistant United States Attorney