UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. <u>00-6148-Civ-Zloch</u>

LOUIS CHIPPAS,
    Petitioner,

v.

UNITED STATES PAROLE
 COMMISION, et. Al.

    Respondents.
_____/



<u>PETITIONER'S REPLY TO GOVERNMENTS
MOTION TO DISMISS HABEAS CORPUS PETITION</u>

    The Respondent's motion to dismiss the instant petition, submitted on April 6, 2000 during its pending motion for enlargement of time, necessitates the Petitioner's reply to facilitate this Court's determination and in support thereof states the following:

1.    The immediate 28 U.S.C. ss. 2241 habeas petition was submitted in January, 2000, based on new parole issues arising from a special reconsideration parole hearing conducted on April 3, 1997, that have never been raised before this Honorable Court.

2.    Assistant United States Attorney Jennifer Prior's reliance on <u>Chippas v. U.S. Parole Commission</u>, Case No. 96-2602-Civ-Middlebrooks, under the doctrine of finality, is facially erroneous: (1) Title 28 U.S.C.



ss. 2244 only applies to second or successive petitions; (2) the 1996 habeas petition was predicated on distinctly different parole issues previously litigated and affirmed in the Eleventh Circuit Court of Appeals; and (3) the instant petition addresses totally different collateral issues spawned from the reconsideration parole hearing held in 1997.

3. In an effort to moot the 1996 parole issues from being heard in the Petitioner's 1996 habeas petition, the Respondents held a special reconsideration hearing pursuant to 28 C.F.R. ss. 2.28(f) based on allegedly new adverse information which was represented to this Court that in effect "…a new hearing may possibly result in a prompt parole for Chippas and probably moot the habeas claim and obviate judicial review," an event all to no avail in the Petitioner's prior cause.

4. As a result of the Respondents' self-created reconsideration hearing, U.S. Parole Examiner Beale determined from her new parole findings that the adverse information was unreliable and recommended that the Petitioner's presumptive parole date be reduced by 36 months because she believed it unlikely that he would (presently age 68) would repeat his criminal behavior due to his age of 65, a mitigating

    factor distinctly provided for older offenders under the Parole Commission's rules and regulations, a newly created issue that in conjunction with another viable issue pursuant to 28 C.F.R. ss. 2.28(f) could not be raised procedurally at that juncture in the prior habeas corpus proceedings.

5. Ironically, the only similarity in these entirely different petitions that AUSA Jennifer Prior alludes to in her motion to dismiss is that just as in the first habeas petition, the Respondents proffer to the Court of its intent to pursue some matter is totally different from what was initially represented in the first place, e.g., granted an extension of time in the first petition for good cause that was obviated by the Parole Commission's reconsideration hearing amidst ongoing habeas proceedings and as here, asking the Court for an extension of time when in truth the Respondents were drafting a motion to dismiss the petition all along.

6. The undersigned was not aware of a more appropriate procedure in facilitating the delivery of U.S. Mail between the Miami and Fort Lauderdale Divisions for the Office of the United States Attorney in the U.S. District Court for the Southern District of Florida.

3

## CONCLUSION

Based on the above-stated reasons, the Petitioner moves this Honorable Court to reject the Respondent's motion to dismiss and continue making an appropriate determination to resolve distinctly different parole issues addressed in the instant ss 2241 petition.

Respectfully submitted,

*[signature]*

Joe Daniel Harrington, Esq.
Law Offices of
Mark E. Nejame, P.A.
One S. Orange Ave., Suite 304
Orlando, Florida 32801
(407) 245-1232
Fla. Bar No. 970182

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served by U.S. Mail on April 17, 2000 to:

Jennifer Prior,
Assistant United States Attorney
99 N.E. 4th St.
Miami, FL 33132

Thomas P. Lanigan
Assistant United States Attorney
500 East Broward Blvd., #700
Fort Lauderdale, FL 33394

*Joe Daniel Harrington, P.A.*